IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON VANCE VIVIAN,

    Plaintiff,                    No. CIV S-04-1493 GEB DAD P

    vs.

WARDEN CASTRO, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff submitted a copy of an uncertified trust account statement but did not file an application to proceed in forma pauperis. The court granted plaintiff thirty days to file such an application. Plaintiff requested and received an extension of time to comply with the court's order. Plaintiff requested a second extension of time but filed a properly completed in forma pauperis application before the court acted on the motion for a second extension of time. Plaintiff's motion for a second extension of time is moot. The in forma pauperis application filed October 5, 2004, makes the showing required by 28 U.S.C. § 1915(a). The application for leave to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments must be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's prison trust account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). For screening purposes, the court accepts as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The

court may disregard allegations that are contradicted by facts established by exhibits to the complaint.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff is confined at California Medical Facility ("CMF").  He has alleged claims that arose at both CMF and High Desert State Prison ("HDSP"), where plaintiff was confined prior to his transfer to CMF.  Plaintiff alleges that eight defendants at HDSP and three defendants at CMF subjected him to cruel and unusual punishment in violation

of his rights under the Eighth Amendment.  Plaintiff alleges physical abuse, a cover-up of the abuse, deliberate indifference to serious medical needs, and failure to protect plaintiff.  Plaintiff seeks damages and injunctive relief concerning his medical care.

        Plaintiff has alleged facts that link defendants Correctional Officer Sloss, Correctional Officer Witchell, and Sergeant Lewis to the claims of abuse and failure to protect plaintiff at HDSP.  Plaintiff has alleged that defendant Dr. Rohlfing, who treated plaintiff at HDSP, and defendant Dr. Kofoed, plaintiff's treating physician at CMF, acted with deliberate indifference to plaintiff's serious medical needs.  The court finds that the complaint appears to state cognizable Eighth Amendment claims for relief against defendants Sloss, Witchell, Lewis, Rohlfing, and Kofoed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven as to these five defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        Plaintiff alleges that Sergeant Minnick supervised defendant Sloss at HDSP, Lieutenant Wright was the "area person in charge and responsible," and Warden Castro was "ultimately responsible for his employees' conduct."  (Compl. at 8.)  These supervisory employees cannot be held liable under § 1983 for the actions of their subordinates under a theory of <u>respondeat</u> <u>superior</u>, and plaintiff has not alleged facts that establish a causal link between these three defendants and the claimed constitutional violations.  The court finds that plaintiff's complaint fails to state cognizable claims against defendants Minnick, Wright, and Castro.

        Plaintiff's statement of claim makes no mention of Correctional Officer Barron, but this HDSP officer is included in plaintiff's list of defendants with the notation "cruel and unusual punishment, taking legal mail during search and never returning it."  (Compl. at 8.) Plaintiff's vague and conclusory allegation of a constitutional violation is insufficient to state a cognizable Eighth Amendment claim against defendant Barron.  Similarly, CMF Correctional Counselors Roszko and Anderson are mentioned only in plaintiff's list of defendants with notations that Counselor Roszko "punished" plaintiff for refusing to do a job he believed he

4

could not perform due to his injury and Counselor Anderson "backed her." Plaintiff's vague and conclusory allegations of punishment are insufficient to state a cognizable Eighth Amendment claim against defendant Roszko or defendant Anderson. The court finds that plaintiff's complaint fails to state cognizable claims against defendants Barron, Roszko, and Anderson.

Plaintiff has filed a document titled "Amended Petition," in which he states that he wants to file claims against two additional people whose names are unknown to him but who are "in the chain of command" and "directly involved and responsible for the doctors" at HDSP and CMF. Plaintiff identifies the proposed additional defendants as the chief medical officers of the two institutions. Plaintiff will not be granted leave to amend his complaint to allege vague and conclusory claims against additional supervisory defendants under a theory of <u>respondeat superior</u>.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 3, 2004 notice of amendment to complaint will be disregarded.

2. Plaintiff's September 29, 2004 motion for second extension of time is denied as moot.

3. Plaintiff's October 5, 2004 application to proceed in forma pauperis is granted.

4. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

5. Service is appropriate for the following five defendants: Correctional Officer Sloss; Sergeant Lewis; Correctional Officer Witchell; Dr. Rohlfing; and Dr. Kofoed.

6. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed July 29, 2004.

/////

/////

1         7. Within thirty days from the date of this order, plaintiff shall complete and sign
2   the attached Notice of Submission of Documents and submit all of the following documents to
3   the court simultaneously:
4         a. The completed, signed Notice of Submission of Documents;
5         b. One completed summons;
6         c. One completed USM-285 form for each defendant listed in number 5
7         above; and
8         d. Six true and exact copies of the endorsed complaint filed July 29, 2004.
9         8. Plaintiff shall not attempt service of process on the defendants and shall not
10  request waivers of service of summons. Upon receipt of the above-described documents, the
11  court will direct the United States Marshal to serve the specified defendants pursuant to Federal
12  Rule of Civil Procedure 4 without payment of costs.
13  DATED: December 19, 2005.

                                            /s/ Dale A. Drozd
                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:13
vivi1493.1a

1
2
3
4
5
6
7

8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MYRON VIVIAN VANCE,

11         Plaintiff,                    No. CIV S-04-1493 GEB DAD P

12      vs.

13  WARDEN CASTRO, et al.,               NOTICE OF SUBMISSION

14         Defendants.                   OF DOCUMENTS

15  _____/

16         Plaintiff hereby submits the following documents in compliance with the court's

17  order filed _____:

18         _____  <u>one</u> completed summons form;

19         _____  <u>five</u> completed USM-285 forms; and

20         _____  <u>six</u> true and exact copies of the endorsed complaint filed July 29, 2004.

21  DATED: _____.

22
23
                                          _____
                                          Plaintiff
24
25
26