IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON VANCE VIVIAN,

    Plaintiff,                       No. CIV S-04-1493 GEB DAD P

    vs.

WARDEN CASTRO, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se with this action. Defendants have moved to dismiss the case on the ground that plaintiff failed to exhaust available administrative remedies on his claims prior to bringing this action. Also before the court is plaintiff's motion for injunctive relief.

BACKGROUND

        The complaint filed in this action on July 29, 2004, concerns conditions of confinement at California Medical Facility (CMF), where plaintiff was confined when he brought this action, and at High Desert State Prison (HDSP), where plaintiff had been confined prior to his transfer to CMF.

        Plaintiff alleges that eleven defendants at the two institutions violated his rights under the Eighth Amendment when they subjected him to physical abuse, a cover-up of the

1

abuse, deliberate indifference to serious medical needs, and failure to protect. Plaintiff seeks damages and injunctive relief concerning medical care.

The court found that plaintiff's complaint alleges facts linking Correctional Officer Sloss, Correctional Officer Witchell, and Sergeant Lewis to the claims of abuse and failure to protect at HDSP. The court also found that plaintiff's complaint alleges facts linking Dr. Rohlfing, who treated plaintiff at HDSP, and Dr. Kofoed, who treated plaintiff at CMF, to the claims of deliberate indifference to plaintiff's serious medical needs. The court determined that the complaint appears to state cognizable Eighth Amendment claims for relief against defendants Sloss, Witchell, Lewis, Rohlfing, and Kofoed. Plaintiff's complaint was served on these five defendants, and all defendants seek dismissal.

DEFENDANTS' MOTION TO DISMISS

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[1] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

II. Defendants' Motion

Defendants seek dismissal of this action on the ground that plaintiff has not exhausted the grievance process on any claim. Defendants acknowledge plaintiff's allegation of exhaustion but offer evidence demonstrating the contrary.

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on January 30, 2006. (Order filed Jan. 30, 2006, at 3-4.)

1          On December 11, 2003, plaintiff submitted a grievance concerning denial of
2  medical care. Plaintiff requested an explanation for the poor medical treatment he was receiving.
3  This grievance, CMF Log No. 03-M-2132, by-passed the informal level. On March 3, 2004, the
4  grievance was denied at the first formal level for failure to provide evidence of bad medical
5  treatment. Plaintiff submitted the appeal to the second formal level. He denied that he had
6  refused to see a doctor and claimed he had been told to leave after first being told he would see a
7  doctor. On April 16, 2004, the appeal was denied at the second formal level for lack of evidence
8  supporting plaintiff's version of events and because plaintiff's complaints of neck pain were
9  being addressed. Plaintiff did not submit the grievance to the director's level. (Def'ts' Mot. to
10  Dismiss, Exs. A & B.)

11          On January 19, 2004, plaintiff submitted a grievance concerning abuse and injury
12  by defendant Sloss in August 2003, and a neck injury suffered in an inmate attack two months
13  later. Plaintiff claimed he had filed numerous grievances that were thrown away by defendant
14  Sloss and others as part of a cover-up. Plaintiff also claimed he had been threatened by
15  defendant Witchell and a sergeant, that medical care was delayed, and that he was in
16  administrative segregation for ten months without being transferred. Plaintiff wanted to know
17  what the institution was going to do about the abuse and cover-up. This grievance, HDSP-B Log
18  No. 04-252, by-passed the informal and first formal levels. On March 10, 2004, the grievance
19  was partially granted at the second level. The request for an investigation was granted, but
20  plaintiff's allegations of staff misconduct were not sustained due to lack of evidence of
21  misconduct. Plaintiff did not submit the appeal to the director's level. (Id., Exs. A & B.)

22          In a declaration dated April 6, 2006, N. Grannis, Chief of Inmate Appeals Branch,
23  states that he reviewed all grievances submitted by plaintiff to the director's level from October
24  1, 2002, to the present and found that plaintiff did not submit any grievance that was accepted for
25  a director's level decision. Plaintiff submitted six grievances prior to receiving a response at the
26  second level. Those six grievances were screened out, and plaintiff did not resubmit any of them,

1 despite the fact that he was advised of the opportunity to correct the problem by resubmitting the
2 grievances after receiving responses at the lower levels. (Id., Decl. of N. Grannis.)

3       In a declaration dated April 13, 2006, M. Cry, Appeals Coordinator at CMF,
4 reviewed all grievances submitted by plaintiff from October 1, 2002, to the present and found six
5 that were accepted for review. Declarant lists the grievances, the issues, and the disposition: two
6 were denied at the second level, one was partially granted at the second level, one was partially
7 granted at the first level, one was withdrawn by plaintiff, and the most recent one was pending at
8 the first level. In addition to these six grievances, declarant Cry found a grievance in 2004 that
9 raised property issues and was denied at the informal level. (Id., Decl. of M. Cry.)

10       Defendants contend that their evidence demonstrates that plaintiff failed to
11 exhaust his administrative remedies with respect to any claim against the defendants prior to
12 bringing this action. Defendants request that the court grant their motion to dismiss the action.

13 III. Plaintiff's Opposition

14       Plaintiff does not dispute defendants' evidence concerning the inmate appeals
15 relevant to the claims in this case but opposes dismissal of this action on two grounds.

16       First, plaintiff asserts that he did not proceed further with appeal No. 04-252
17 because he feared the appeal would be rejected, lost, or destroyed if he submitted it to the third
18 level. He alleges that he submitted numerous inmate appeals while he was in administrative
19 segregation at HDSP and those appeals "apparently did not end up at the Appeal Coordinator's
20 office like they are supposed to." Plaintiff speculates that the officer who picked up his appeals
21 destroyed them. Plaintiff asserts that he kept a log of times and dates he submitted appeals and
22 he knows the appeals were never received because he never saw them again. Plaintiff concludes
23 that he "could not take another chance that said appeal "(04–00252)" would get 'lost' in the mail
24 or some other disaster would happen." He cites examples of appeals that were rejected or not
25 answered. (Pl.'s Opp'n at pages numbered 1-5.)
26 /////

Second, plaintiff asserts that it would have been futile to send his appeal to the director's level. He argues that "my shoulder will still be broken, a disc in my 'already repaired neck,' would still be out of place, 19 months later know [sic] doubt my injuries and mental anguish would still be damaged," and "[t]here is nothing the Director could have done for me." (Id. at pages numbered 4-5.)

Plaintiff contends that Wyatt authorizes the court to decide in favor of a prisoner on the exhaustion issue "if he thinks this person has a honest, valid reason and if the Judge believes the Directors Level could not have made a difference." (Id. at page numbered 5.)

IV.   Defendants' Reply

Defendants observe that plaintiff's opposition demonstrates that plaintiff did not exhaust administrative remedies on his claims prior to bringing this action. Defendants argue that plaintiff's generalized fears and speculation cannot overcome the exhaustion requirement of 42 U.S.C. § 1997e(a) and that courts cannot read a futility exception into the statute.

V.   Plaintiff's Reply to Reply

The proper briefing of a motion consists of the moving party's motion, the responding party's opposition or statement of non-opposition, and the moving party's optional reply to opposition. Local Rule 78-230(m). The rule does not authorize the filing of a reply to a reply, and a motion is deemed submitted for decision upon the earlier of the filing of the movant's reply or the expiration of the time for filing such a reply. Id. The court is not required to consider an unauthorized reply to a reply.

Defendants' motion to dismiss was submitted for decision upon the filing of defendants' reply on May 31, 2006. On July 5, 2006, plaintiff filed a document titled "Traverse: Notice of Motion to Rebutt [sic] Defendants Motion to Dismiss This Case." In light of plaintiff's pro se status, the undersigned has nonetheless examined his unauthorized reply to defendants' reply. Most of plaintiff's reply to reply merely rehashes arguments advanced in plaintiff's opposition. However, plaintiff adds an assertion that appeal No. 04-00252 was logged and

addressed only because plaintiff had talked to internal affairs staff by telephone at HDSP and the conversation was recorded.  He believes the involvement of internal affairs forced prison officials to log and respond to the appeal.

Plaintiff also argues that he did not need to pursue appeal No. 04-00252 to the director's level because the appeal had been partially granted at the second formal level and he was satisfied with the second level decision.  Plaintiff admits that the second-level decision contains a statement that no evidence was found to support his claims, but he argues that he was either confused or satisfied with the decision because an investigation was to be conducted and the chief deputy warden indicated that corrective measures had been taken.  As plaintiff puts it, "corrective measures have been taken, what's left to exhaust to satisfy all state remedies?"

VI.  Discussion

It is undisputed that plaintiff did not exhaust administrative remedies by presenting his claims to the director's level before bringing this action.

The undersigned has considered plaintiff's argument that he was afraid to submit his appeals to the director's level because numerous appeals were never accepted and logged. The appeals described by plaintiff are distinguishable from the two inmate appeals relevant to this action.  Unlike appeals that did not reach the appeals coordinator, appeals that reached the appeals coordinator but were screened out, and appeals that were rejected by the director's office because plaintiff submitted them to that office before obtaining a second level decision, the two appeals relevant in this case reached the appeals coordinator, were accepted and logged, were addressed at one or more formal levels, and were returned to plaintiff with information about the right to proceed to the director's level.  Plaintiff has offered no evidence that he ever submitted an appeal to the director's level after receiving a second-level decision.  Moreover, with regard to appeal No. 04-252, plaintiff's own argument regarding the involvement of internal affairs demonstrates that plaintiff had no reason to fear that the appeal would be lost if he submitted it to the director's level after he received the second level decision.

1    The undersigned has also considered plaintiff's belated argument that he did not
2 proceed to the director's level in appeal No. 04-252 because he was satisfied with the second
3 level decision.  In the appeal, plaintiff requested the following action:

> I would like to know what the Appeals Coordinator and High Desert are going to do about the abuse and cover up for Officers Sloss, Witchell, and there [sic] sergeant who put me in that cell with Sorzano.

(Def'ts' Mot. to Dismiss, Ex. A.)  The second-level appeal response indicates that plaintiff's request for an investigation was granted and that the investigation consisted of interviews with plaintiff, Officer Sloss-Peck, and Officer Witchell.  Plaintiff was advised that

> the investigation detected that your allegation that an unnamed sergeant, Officers Sloss-Peck and Witchell conducted themselves other than that which is in accordance with Departmental Rules and Regulation could not be sustained at this level. . . .  Inmate Vivian, concerning your request to know what HDSP and the Appeals Coordinator are going to do about the alleged abuse and cover-up, no evidence was disclosed in support of that allegation.

(Id.)  The decision states plainly that "[t]he review of your complaint has been completed" and advises plaintiff that he may appeal to the director's level if he is not satisfied with the decision. (Id.).  The undersigned is unpersuaded by plaintiff's assertion that he was satisfied with an investigation that produced no evidence in support of his allegations of abuse and a cover-up or with the decision to take no action on plaintiff's allegations.[2]

   Finally, plaintiff's contention that it was unnecessary to proceed to the director's level because there was nothing the director could have done for him is a futility argument foreclosed by the Supreme Court.  See Booth, 532 U.S. at 741 n.6.

/////

---

[2] Plaintiff does not contend that he was satisfied with this result in appeal No. 03-M-2132.  Plaintiff had requested the following relief: "Explain why I'm having such bad medical treatment for my neck and general health.  It started at High Desert now here.  Why?  Why the cruel and unusuall [sic] punishment toward my neck problem?"  (Id.)  This appeal was denied at the first and second formal levels for failure to provide evidence of bad medical treatment. (Def'ts' Mot. to Dismiss, Exs. A & B.)

Defendants have carried their burden of proving that plaintiff failed to exhaust available administrative remedies on the claims alleged in this action, and plaintiff has failed to demonstrate otherwise. The undersigned will therefore recommend that defendants' motion to dismiss pursuant to non-enumerated Rule 12(b) be granted as to all claims and all defendants.

## PLAINTIFF'S MOTION FOR MEDICAL INJUNCTIVE RELIEF

On July 5, 2006, plaintiff filed a motion for injunctive relief. Plaintiff asserts his belief that "this institution is setting into motion another try of giving me a surgery." Plaintiff requests a court order "excusing" defendant Kofoed from performing the surgery and requiring additional medical documentation and preparation prior to surgery, if he elects to proceed with surgery. (Pl.'s Mot. for Medical Inj. Relief filed July 5, 2006.)

Plaintiff's motion was not accompanied by a brief on all relevant legal issues presented by the motion or by any affidavit in support of the existence of an irreparable injury. See Local Rule 65-231. Plaintiff has filed no documents in this action since July 5, 2006, except for his notice of change of address filed October 13, 2006, indicating that he is no longer incarcerated.[3]

Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 674. When a prisoner seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v.

---

[3] Pursuant to this court's order filed January 30, 2006, defendants were not required to respond to plaintiff's motion for injunctive relief unless directed to do so. (Order filed Jan. 30, 2006, at 3.) Defendants have not been directed to respond to plaintiff's motion.

Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

The undersigned will recommend that plaintiff's motion for medical injunctive relief be denied as both speculative and moot.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' April 19, 2006 motion to dismiss be granted;

2. Plaintiff's July 5, 2006 motion for medical injunctive relief be denied; and

3. This action be dismissed without prejudice for failure to exhaust available administrative remedies before bringing this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
vivi1493.mtd